```
         IN THE UNITED STATES DISTRICT COURT FOR THE
              SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT BLUEFIELD
```

**RANDALL CARTWRIGHT, et al.**

    **Plaintiffs,**

v.                               Civil Action No.: 1:11-cv-00298

**SUPERIOR WELL SERVICES, INC.,**
**et al.**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Before the court is defendant Darrell Williams' ("Williams") motion to dismiss (Doc. # 4). Also before the court is Plaintiffs Randall and Jamie Cartwrights' ("Cartwright") motion to remand (Doc. # 8). For reasons more fully expressed herein, the court **GRANTS** Mr. Williams' motion to dismiss and **DENIES** the plaintiffs' motion to remand.

### I. Factual and Procedural Background

Plaintiffs sued Superior Well Services, Inc. ("Superior Well") and Mr. Williams for a work-site injury arising out of a choke valve explosion occurring on December 2008. Mr. Cartwright was the individual injured. In their Complaint, the Cartwrights allege that Superior Well and Mr. Williams acted with deliberate intent in exposing Mr. Cartwright to the unsafe choke valve. Plaintiffs bring their deliberate intent claim pursuant to W. Va. Code § 23-4-2(d)(2)(ii).

1

The plaintiffs initially filed this suit in West Virginia state court, and the defendants removed the case to federal court on May 2, 2011, on the basis of diversity jurisdiction. The plaintiffs are citizens of Virginia; defendant Superior Well is a citizen of Pennsylvania; and defendant Mr. Williams is a citizen of West Virginia. Complaint, attached as Exhibit 1 to Notice of Removal (Doc. # 1), p. 1.

Following removal of the suit, Mr. Williams filed the instant motion to dismiss, arguing that, under this court's precedent interpreting the West Virginia deliberate intent statute, an injured plaintiff cannot bring a deliberate intent claim against an individual supervisor. In support of his argument, Mr. Williams cites this court's opinion in King v. Sears, No. 1:10-1024, 2011 U.S. Dist. LEXIS 14578 (S.D.W. Va. Feb. 14, 2011), as well as another Southern District of West Virginia decision, Evans v. CDX Servs. LLC, 528 F. Supp. 2d 599 (S.D.W. Va. 2007).

In response, plaintiffs acknowledge the foregoing authority establishing that an individual supervisor cannot be sued under the West Virginia deliberate intent statute. They argue, however, that these cases were wrongly decided and should now be reconsidered. Plaintiffs also filed a motion to remand.

## II. Analysis

<u>Plaintiffs' motion to remand</u>

The court is puzzled as to the basis for the plaintiffs' motion to remand. Defendants removed this case on the basis of diversity jurisdiction. The parties in this case, as represented to the court by the plaintiffs, have complete diversity of citizenship. The plaintiffs are citizens of Virginia; defendant Superior Well is a citizen of Pennsylvania; and defendant Mr. Williams is a citizen of West Virginia. Complaint, attached as Exhibit 1 to Notice of Removal (Doc. # 1), p. 1. Defendants have presented no evidence or argument to controvert these assertions, and plaintiffs have failed to advance any other theory for why this court does not have subject matter jurisdiction over the matter.

The defendants' and plaintiffs' discussion of fraudulent joinder in this case appears equally puzzling, given that there is no reason to suspect fraudulent joinder with respect to Mr. Williams. Doc. # 1, pp. 2-4. The doctrine of fraudulent joinder permits a federal court to disregard the citizenship of a non-diverse defendant, when it is clear that the plaintiff joined that defendant for the sole purpose of defeating complete diversity among the parties. <u>Evans</u>, 528 F. Supp. 2d, at 602. In this case, it is evident that plaintiffs could not have

fraudulently joined Mr. Williams for one simple reason: Mr. Williams is a <u>diverse</u> party. He is a citizen of West Virginia, and as such, does not share citizenship with plaintiffs who are Virginia citizens.

In view of the fact that all parties are diverse (a fact which neither the defendants, nor the plaintiffs dispute), and because plaintiffs advance no other basis for remand, the court retains jurisdiction of the case.

<u>Defendant Mr. Williams' motion to dismiss</u>

In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009).

This court has previously determined that a plaintiff may not sue an individual supervisor under West Virginia's deliberate intent statute, W. Va. Code § 23-4-2(d)(2)(ii). In <u>King v. Sears</u>, this court stated the following:

> Having considered the well-reasoned arguments in <u>Evans</u>, this court concludes that the text of § 23-4-2(d)(2)(ii) does not permit a suit by an injured employee against an individual supervisor. It appears to the court that the West Virginia state legislature intentionally used different terminology to introduce the provisions of the two different sections of the deliberate intention statute. Further, the court believes that this decision reflects the state legislature's intention to distinguish which defendants it would permit suit against under one section, but not the other. The court is confident that its

4

>    reading of the statute accords with West
>    Virginia's policy of punishing egregious
>    employer behavior, while at the same time
>    protecting those in supervisory roles who
>    cannot fairly be said to have done anything
>    wrong.

King, 2011 U.S. Dist. LEXIS 14578, at *10-11; see also Evans, 528 F. Supp. 2d, at 602 (discussing the impermissibility of deliberate intent actions under W. Va. Code § 23-4-2(d)(2)(ii) against individual supervisors).  The validity of this interpretation has been confirmed since the King case by Hager v. Cowin and Co., Inc., No. 2:10-1138, 2011 WL 2175075, at *3-4 (S.D.W. Va. June 3, 2011).

The court today reaffirms its decision in King v. Sears and declines to reverse its prior interpretation of the West Virginia deliberate intent statute.  Plaintiffs have failed to provide citation to authority from the West Virginia Supreme Court of Appeals showing conclusively that a deliberate intent cause of action can in fact be maintained against an individual supervisor in West Virginia state court.  Plaintiffs cite to a case from the West Virginia Supreme Court of Appeals, Bennett v. Buckner, 150 W. Va. 648 (1966), for the proposition that the West Virginia state legislature intended for the scope of immunity affecting employers and employees to be identical.  From this premise, plaintiffs assert that the scope of liability for deliberate intent cases should also be the same.  Such a conclusion is not necessarily warranted, however, especially in light of the

specific, and differentiated language that the West Virginia state legislature used in drafting the various provisions of W. Va. Code § 23-4-2(d)(2). Further, while the plaintiffs point to cases from lower courts in West Virginia, the court is not persuaded that these cases resolve the question conclusively.

### IV. Conclusion

In view of the foregoing, the court finds that plaintiff cannot maintain a deliberate intent cause of action under W. Va. Code § 23-4-2(d)(2)(ii) against Mr. Williams, and accordingly **GRANTS** the motion to dismiss Mr. Williams as a defendant in this case. The court **DENIES** the plaintiffs' motion to remand.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to all counsel of record.

It is **SO ORDERED** this 28th day of September, 2011.

> **ENTER:**
>
> *David A. Faber* (signature)
> David A. Faber
> Senior United States District Judge